IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OWEN McINTIRE,<br><br>Defendant. | Case No. 25-MJ-00048-JAM |

**MOTION FOR REVIEW AND REVOCATION OF ORDER OF RELEASE**

The United States of America appeals the order setting condition of release in this case. *See* Doc. 12, *United States v. McIntire*, No. 25-MJ-03081-JDH (D. Mass. April 24, 2025). For the reasons explained below, the United States requests the District Court here in the Western District of Missouri review and revoke magistrate judge's order of release pursuant to 18 U.S.C. § 3145(a), and requests that this Court order that the Defendant be detained without bond pursuant to 18 U.S.C. §§ 3142(e).

## I.    Background

On April 17, 2025, a Complaint charging Owen McIntire ("McIntire" or "Defendant") with a violation of malicious destruction of property, in violation of 18 U.S.C. § 844(i), and unlawful possession of an unregistered firearm (specifically a destructive device), in violation of 26 U.S.C. §§ 5845(a)(8) and (f), 5861(d), and 5871, was filed in the Western District of Missouri. *See* Doc. 1. On April 18, 2025, law enforcement authorities executed an arrest warrant on McIntire at his dormitory residence in Boston, Massachusetts. Later, on April 18, 2025, the Defendant had his initial appearance before the Honorable Magistrate Judge Jessica D. Hedges in the District of Massachusetts. *See* Case No. 25-MJ-03081-JDH-1.

At the initial appearance, the Government orally moved for the Defendant's detention. A detention hearing was appropriate under 18 U.S.C. §§ 3142(f)(1)(A) and (E) because the malicious destruction of property offense charged at Count One is "an offense listed in section 2332b(g)(5)(B)" with a maximum term exceeding 10 years, and also because the offenses involved the use of a destructive device. Based on the charged malicious destruction of property offense, 18 U.S.C. § 844(i), there is a rebuttable presumption of detention. *See* 18 U.S.C. § 3142(e)(3)(C); 18 U.S.C. § 2332b(g)(5)(B).

On April 23, 2025, the Defendant filed an *Opposition to the Government's Motion for detention and Notice of Proposed Release Plan* ("*Opposition*"). (ECF D. Mass. Doc. 10.)[1] On April 24, 2025, the Defendant waived his identity hearing and preliminary hearing. (ECF D. Mass. Doc. 11, 13.) Judge Hedges also conducted a detention hearing. *Id*.

Judge Hedges issued an order setting conditions of release that included an order directing the Defendant to appear before this Court on Thursday, May 1, 2025. At the hearing, the United States orally noted it was going to move to revoke the District of Massachusetts' Order of Detention. Thus, the United States now moves for this Court to conduct a de novo review of the order of release, revoke the order granting release, and order the Defendant detained pending trial.

## II. Argument

Pursuant to 18 U.S.C.§ 3145(a), the district court with original jurisdiction over this offense may review a magistrate court's order releasing a defendant upon motion from the United States. This Court reviews the detention order de novo and without deference to the magistrate judge's findings. *United States v. Koenig*, 912 F.2d 1190, 1191-92 (9th Cir. 1990); *see also United States v. Maull*, 773 F.2d 1479, 1484 (8th Cir. 1995) (en banc) ("[T]he court acts de novo and makes an

---

[1] All references to "ECF D. Mass. Doc." in this pleading refer to docket entries in Case No. 25-mj-03081-JDH-1 in the District of Massachusetts.

independent determination of the proper pretrial detention or conditions for release."). "The motion shall be determined promptly." 18 U.S.C. § 3145(a).

This Court shall detain the defendant, if "after a hearing" it determines "that no condition or combination of conditions will reasonably assure the appearance of the person required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Pretrial detention may be ordered either upon (1) a showing by clear and convincing evidence that release will result in danger to the community; or (2) a showing by a preponderance of the evidence that release will result in a serious risk of flight. *See United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Here, there is a "rebuttable presumption" that no condition or combination of conditions will assure the safety of the community because the defendant is charged with 18 U.S.C. § 844(i) "an offense listed in section 2332b(g)(5)(B) of Title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed." 18 U.S.C. §§ 3142(e)(3), (f)(1)(A); 18 U.S.C. § 844(i); *see also* 18 U.S.C. § 2332b(g)(5)(B)(i) (listing "844(i) (relating to arson and bombing of property used in interstate commerce)"). The Defendant cannot rebut that presumption, and this Court should order him detained pending trial.

To determine whether the defendant can rebut the presumption of detention, this Court considers the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating

3

>to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>. . .
>
>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). These factors further demonstrate that the Defendant should be detained pending trial.

First, the nature and circumstances of the charged offenses support detention in this case. The offense involved the use of multiple destructive devices to firebomb Tesla vehicles at a Tesla dealership. *See generally* Doc. 1-1. Setting these vehicles on fire creates an extremely hazardous situation for anyone nearby and responding public safety officers and firemen. *See* Doc. 1-1 at ¶ 5. Indeed, a police officer tried but failed to extinguish the fire that began in Cybertruck One, and it spread from Cybertruck One to Cybertruck Two only to be extinguished once additional first responders from the Kansas City Fire Department arrived. Doc. 1-1 at ¶ 5. One block west of the dealership where the fire spread from Cybertruck One to Cybertruck Two are houses, and the Defendant is alleged to have fled through a backyard after committing the crimes. Doc. 1-1 at ¶¶ 9-12, 18-19. The presumption that a defendant that commits an arson under such dangerous circumstances presents a persistent danger the community that cannot be addressed without detention is properly applied in this case.

Second, the weight of the evidence that the Defendant made and used two destructive devices to commit an arson is overwhelming. *See* Doc. 1-1. The Affidavit details how the Defendant's phone was in the vicinity of his family members' home before the crimes, then at the scene of the crimes, then it went back to his family members' house thereafter. Doc. 1-1. Moreover, he was driving a car associated with that home and fits the description of eyewitnesses. Doc. 1-1. Thus, the weight of the evidence cuts decidedly in favor of detention.

4

The Defendant's *Opposition* filed before the District of Massachusetts contends detention was not warranted because, among other reasons, he has "no criminal history and no record of violent conduct" as well as ties to the community and has medical and psychological needs requiring "ongoing care." *Opposition* at 6. Although the Defendant's lack of criminal history prior to the crimes weighs in his favor, his *Opposition* does not present sufficient information regarding how his medical and psychological needs ameliorate, or at least sufficiently mitigate, the dangerousness detailed in the complaint, override the weight of the evidence, and merit release. *See Opposition* at 6. Indeed, the Defendant was at home, in the community to which he has self-admitted ties, when he committed the offenses alleged in the complaint in that very community.

Fourth, as reflected in the statutory presumption that the Defendant be detained, by committing this offense, the Defendant demonstrated the extreme danger he presents to the community upon his release. 18 U.S.C. § 3142(g)(4). As noted above, setting fire to an electric vehicle with Molotov cocktails creates an extremely hazardous situation. The Defendant committed this act after national news reports of other similar acts with apparent disregard for the safety of others, putting people who may have happened to have been in the area and those responding to the area both in danger before fleeing the scene to avoid apprehension.

Moreover, the Defendant faces punishment of up to 20 years on Count One of the Complaint, 10 years on Count Two of the Complaint, with a combined maximum possible punishment of up to 30 years of imprisonment. Doc. 1. Count One also contains a mandatory minimum of at least five years. Doc. 1. That significant punishment underscores not only the seriousness of the threat the Defendant's conduct presents, but also provides basis to find by a preponderance that no conditions of release will ensure this Defendant's appearance at trial.

Accordingly, when considering the totality of the circumstances, the § 3142(g) factors support a conclusion by clear and convincing evidence that Defendant's release will result in danger to the

community. Therefore, this Court should revoke the order of release, ECF Doc. 12, and order the Defendant Owen McIntire detained pending trial.

>                             Respectfully submitted,
>
>                             Jeffrey P. Ray
>                             Acting United States Attorney
>
> By    */s/ Sean T. Foley*
>       Sean T. Foley
>       Assistant United States Attorney
>
>
>       */s/ William A. Alford III*
>       Assistant United States Attorney
>       Charles Evans Whittaker Courthouse
>       400 East Ninth Street, Suite 5510
>       Kansas City, Missouri 64106
>       Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on May 1, 2025, to the Electronic Filing System (CM/ECF) of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

>       */s/ Sean T. Foley*
>       Sean T. Foley
>       Assistant United States Attorney
>
>
>       */s/ William A. Alford III*
>       William A. Alford III
>       Assistant United States Attorney